## American Trading and Importing Corp. v. Goodman, trading as Keystone Furniture Co.

*Practice—Oral or written contract—Affidavit of defence—Reply—Set-off —"Fraud, accident or mistake"—Practice Act of May 14, 1915.*

1. The Practice Act of May 14, 1915, P. L. 483, does not require an affidavit of defence to state whether a contract was oral or in writing. Section 9 of the act, which requires this to be stated, only applies to plaintiff's statements.

2. Where, in an action for the price of goods sold to the defendant, the affidavit of defence avers that a discount was to be allowed, it is not necessary to allege that it was omitted from the contract through fraud, accident or mistake, if the statement shows that the contract was not wholly in writing.

3. Where an affidavit of defence avers that a discount should be deducted from the amount claimed, and that the plaintiff agreed to accept certain stock in payment of his claims, these defences are not set-offs or counter-claims, and the plaintiff need not reply.

Rule for judgment for want of a sufficient affidavit of defence. C. P. Lancaster Co., Oct. Term, 1921, No. 39.

*K. L. Shirk* and *John A. Coyle,* for rule.

*F. Lyman Windolph* and *John E. Malone,* contra.

HASSLER, J., April 8, 1922.—The plaintiff in its statement claims that the defendant is indebted to it for goods sold and delivered. The purchase and receipt of the goods and the correctness of prices charged are admitted by the defendant.

In its affidavit of defence the defendant admits the receipt on July 20, 1921, of ten buffets, priced at $395, which it ordered in a letter dated July 15, 1921. It alleges that it was agreed between it and the plaintiff that it was to be allowed a discount of "20 per cent.," and "2 per cent." on this amount, which discount amounts to $85.32.

It is contended by the plaintiff that this is not a sufficient defence for two reasons: (1) Because the affidavit of defence does not allege whether the contract as to the discount was oral or in writing; and (2) because it contradicts a written contract without alleging that it was omitted from the same through fraud, accident or mistake. The Act of May 14, 1915, P. L. 483, does not require an affidavit of defence to state whether a contract is oral or in writing. Section 9 of the act, which requires this to be stated, only applies to plaintiff's statements. We do not think it was necessary for the defendant to allege that the agreement as to discount was omitted from the contract through fraud, accident or mistake, as the statement shows that the whole contract was not in writing. Attached to and made part of it is a letter in which the defendant ordered the buffets, but there is nothing in the statement which shows that the conditions upon which they were ordered was in writing. The letter shows that they were selected, and the conditions of sale

likely made, at the plaintiff's place of business. We think, therefore, that this part of the defendant's defence is sufficient to prevent judgment to that amount.

The other item of the defendant's defence is that it is entitled to a credit of $1000, under the following circumstances: The defendant alleges that on Dec. 17, 1919, he purchased ten shares of the capital stock of the plaintiff company for $1000; that at the time of the purchase it was agreed by it and the plaintiff that the plaintiff would, under certain conditions, accept the same in payment of goods to that amount. It alleges that the conditions under which the stock was to be accepted in payment now exist, and that it has tendered the stock to the plaintiff as payment of its claim to that amount, and that it refused to accept it. The plaintiff contends that it is not a sufficient defence, for the reason that the affidavit does not allege whether the contract was oral or in writing. As we have said above, the section of the Practice Act which requires it to be stated whether the contract is oral or in writing only applies to plaintiff's statements. It was, therefore, unnecessary for the defendant to allege this, and the affidavit of defence in this particular is sufficient to prevent judgment to the amount of $1000.

We do not think a reply by the plaintiff to the defendant's affidavit of defence was necessary, as the matters stated in it are defences, and not set-offs or counter-claims. However, one has been filed, and we dismiss the rule issued at the instance of the defendant to show cause why judgment should not be entered in its favor. The defendant admits that there is due and owing to the plaintiff the sum of $50.62, which it alleges it tendered to it. We make absolute the rule for judgment for want of a sufficient affidavit of defence, and enter judgment for the amount admitted to be due, viz., $50.62, with leave to the plaintiff to proceed for the balance of its claim.

Rule made absolute.

From George Ross Eshleman, Lancaster, Pa.